IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUANGO F. CORREA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 12-1064-LPS |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

## I.     BACKGROUND

Presently pending before the Court is Petitioner Guango F. Correa's Application for a

Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application"), in which Petitioner

appears to assert that: (1) the improper inclusion of the alias David E. Jones in his Delaware

criminal records warrants habeas relief; (2) the violation of probation sentence imposed as a

result of his "theft of senior" conviction in May 2012 is somehow unconstitutional; and (3) his

public defender provided ineffective assistance during the May 2012 violation of probation

hearing.  (D.I. 3; D.I. 8)

## II.     LEGAL STANDARDS

A district court judge may summarily dismiss a habeas application "if it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief." Rule 4, 28 U.S.C. foll. § 2254.  A petitioner is not entitled to federal habeas relief unless

he has exhausted state remedies for his habeas claims.  28 U.S.C. § 2254(b)(1)(A).  A petitioner

satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

In addition, pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application (or claim) "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

In his first claim, Petitioner appears to assert that the improper inclusion of the alias David E. Jones in his Delaware criminal records warrants habeas relief. Because Petitioner has requested, and has been denied, habeas relief for this claim by this Court on three other occasions, claim one constitutes a second or successive habeas claim within the meaning of 28 U.S.C. § 2244. *See Correa v. Attorney General*, Civ. Act. No. 08-197-JJF, Order (D. Del. May 14, 2008); *Correa v. Carroll*, Civ. Act. No. 07-551-JJF, Mem. Op. and Order (D. Del. May 9, 2008); *Correa v. Carroll*, 2004 WL 1822123 (D. Del. Aug. 13, 2004). Petitioner does not allege,

2

and there is no reason to conclude, that the Third Circuit Court of Appeals authorized the filing of the instant "improper alias" claim. Thus, the Court will dismiss claim one for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1).

In claims two and three, Petitioner asserts that the violation of probation sentence imposed as a result of his "theft of senior" conviction in May 2012 is somehow unconstitutional, and that defense counsel provided ineffective assistance while representing him during that May 2012 proceeding. (D.I. 3; D.I. 8) Although these claims are not second or successive, they are unexhausted, because there is no indication that Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. For instance, although the papers filed by Petitioner indicate that he voluntarily withdrew his direct appeal regarding claim two on July 5, 2012 (D.I. 3-1 at 1), it does not appear that he is "clearly foreclosed" from utilizing Rule 61(i)(5) to seek further review of claim two. *See* Del. Super. Ct. Crim. Rule 61(i)(5) (permitting review of claim otherwise barred under Rule 61(i)(1), (2), or (3) to prevent a miscarriage of justice); *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000) (where claim has not been fairly presented, and is therefore unexhausted, court must determine if claim is defaulted such that seeking further state review is "clearly foreclosed"). Additionally, a Rule 61 motion is the proper vehicle for raising ineffective assistance of counsel claims to the Delaware State Courts, and Petitioner's filings indicate that he can still timely file a Rule 61 motion if he acts without delay.[1]

---

[1]Pursuant to Rule 61(i)(1), a Rule 61 motion must be filed within one year of a final order of conviction. Petitioner entered a plea of guilty to his violation of probation on May 10, 2012, and the Superior Court sentenced him on May 17, 2012. It is not clear if Petitioner's notice of appeal from that judgment was timely filed. (D.I. 3-1 at 1) However, it is clear that Petitioner moved to voluntarily withdraw his appeal regarding his violation of probation, and that the Delaware Supreme Court granted his request for voluntary dismissal on July 5, 2012. In these circumstances, the Court perceives two possible "finality" dates. First, if Petitioner's notice of

3

Given these circumstances, the Court will dismiss claims two and three without prejudice for failure to exhaust state remedies.[2]

Accordingly, the Court concludes that summary dismissal of the entire Application is appropriate. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions).

## IV.  CONCLUSION

For the reasons set forth above, the Court will summarily dismiss Petitioner's Application for federal habeas relief.  The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).  A separate order will be entered.

Dated: April 8, 2013

_____
UNITED STATES DISTRICT JUDGE

---

appeal was untimely filed, then his judgment of conviction became final on June 16, 2012, thirty days after the Superior Court sentenced him. *See* Del. Super. Ct. Cr. R. 61(i)(m)(2). In this scenario, Petitioner has until approximately June 16, 2013 to timely file a Rule 61 motion. If, however, Petitioner's notice of appeal was timely filed, then Petitioner's judgment of conviction arguably became final on July 5, 2012, the date of the Delaware Supreme Court's order granting his voluntary dismissal. In this second scenario, Petitioner has until approximately July 5, 2013 to file a timely Rule 61 motion.

[2]Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period, as well as the time remaining in the limitations period once it starts again after such tolling.

4